State v. Dennison.

For the reason named, the judgment of the lower court is right and is

AFFIRMED.

STATE OF NEBRASKA V. THOMAS DENNISON.

FILED APRIL 18, 1900.   No. 11,198.

1. **Lottery: DEFECTIVE INFORMATION.** An information drawn under section 225 of the Criminal Code, charging the defendant with opening and establishing a lottery, and which omits to allege the capacity in which the defendant acted, whether as owner or otherwise, is defective.

2. **Information: VERDICT: PROCEDURE.** When an information in a criminal cause fails to state a crime, on a trial had thereunder, it is not the proper practice, when the court discovers the defect, to direct a verdict of not guilty, but the jury should be discharged from further consideration of the case.

3. **———: AMENDMENT.** It is not error to refuse to allow the county attorney to file an amended information, where the complaint before the examining magistrate failed to state a crime.

ERROR to the district court for Douglas county. Tried below before BAKER, J.  *Exception sustained.*

*George W. Shields* and *I. J. Dunn*, for the state:

Defendant insisted that the information was bad, because it failed to allege in what capacity the defendant acted in opening the lottery, whether in the capacity of owner, or otherwise. The court held that it was necessary to a good information that the information set out whether defendant acted in the capacity of owner, or whether he acted in the capacity of "otherwise," but neither the court nor the attorney for the defendant indicated what, in their judgment, is the meaning of the term "otherwise" as used in this section of the statute; whether it means one of the same general class as "owner," and if so, who may be included in said class, or whether the word "otherwise" as used here means the same as when used generally in the ordinary affairs of life. The court in sustaining defendant's objection

seemed to rely upon the rule laid down in the case of *Jansen v. State*, 19 N. W. Rep., 374, decided by the supreme court of Wisconsin. The supreme court of that state in the case referred to was construing a statute which read "that if any tavern keeper or other person," etc. The court held that the rule of *"noscitur a sociis"* applied; and that the general words "other person" following the special words designating a particular class of persons recognized by the law in a particular way, with reference to the subject being legislated upon, meant only persons belonging to the same or a similar class, and did not include all persons. With the rule of law laid down by the Wisconsin court, we have no quarrel whatever; but we assert that the rule as applied to the Wisconsin statute has no application to the case at bar. While it has been held as a general rule by the courts that general words in a statute following specific words designating a particular class will be modified and controlled by the special words, this rule is by no means universal, neither is it without important exceptions.

The rule above stated will not be adhered to when by so doing the plain intent of the legislature will be contracted, limited or entirely destroyed. In the case of *Von Rueden v. State*, 71 N. W. Rep., 1048, a Wisconsin case much later than the one in 19 N. W. Rep., *supra*, the supreme court of that state thoroughly discuss the rule, its application, limitations and exceptions.

The court erred in instructing the jury on its own motion to return a verdict of not guilty in said cause. If there was nothing before the court upon which the defendant could be convicted, then, surely, there was nothing before it on which he could be found guilty.

The court erred in denying plaintiff's application to file an amended information in said cause. The quashing of an indictment and the discharge of a defendant thereon, on the ground that the grand jury finding the indictment was illegally constituted is no bar to subsequent indictment or prosecution of the defendant for the same of-

fense.   The same rule is recognized in *State v. Scott*, 68 N.
W. Rep. [Ia.], 451; *State v. Butcher*, 44 N. W. Rep. [Ia.],
239; *State v. Merchant*, 38 Ia., 375; *State v. Doe*, 50 Ia., 541;
*State v. Reilly*, 78 N. W. Rep. [Ia.], 680.

*Albert S. Ritchie* and *Ed P. Smith, contra.*

*Albert S. Ritchie:* The motion to quash this information
was properly sustained for the reason that the informa-
tion charged more than one specific offense, and was,
therefore, bad for duplicity.   This information is open
to the objection of duplicity for the reason that it charges
these offenses to have been committed on the 16th day of
January, 1899, and also on other days between that date
and the 26th day of January, 1899.   It is the rule without
exception, that the *continuando* can be used only where a
series of acts all taken together constitute but one of-
fense, as, for instance, the maintaining of a nuisance; but
where each act by itself constitutes a violation of the law
and would be sufficient, if proved, to sustain a verdict of
guilty against the defendant, then the *continuando* can
not be used, for the reason that several distinct and
specific offenses are thereby charged and it is not per-
missible to join the same in one count of an information.
Neither can this *continuando* be rejected as surplusage.
This rule was laid down in this court in the case of *State
v. Pischel*, 16 Nebr., 490.   In that case the information
charged the defendant in these words: "On the 22d day
of October, in the year of our Lord one thousand eight
hundred and eighty-two, * * * and on all the several
days between the said 22d day of October in the year
aforesaid and the first day of April, in the year of our
Lord one thousand eight hundred and eighty-three," etc.*

NORVAL, C. J.

We are asked by the state to pass judgment upon cer-

*The indictment in *State v. Pischel*, with the exception of name
and dates, was a substantial copy of the indictment in *People v.
Sweetser*, 1 Dak., 308.  See opinion, pp. 192-195.—REPORTER.

tain proceedings had in the district court of Douglas county upon an information filed therein against one Thomas Dennison, the essential portions of which are as follows:

"That on the 16th day of January, in the year of our Lord one thousand eight hundred and ninety-nine, and on divers days between the said 16th day of January, 1899, and the 26th day of January, 1899, Thomas Dennison, late of the county of Douglas aforesaid, in the county of Douglas and State of Nebraska aforesaid, then and there being in said county, did then and there unlawfully and wilfully for gain, open and establish a certain lottery and scheme of chance known as policy, in which money was to be and was drawn, paid and distributed by the hazard and turn of a wheel of chance known as a policy wheel."

The defendant filed a motion to quash this information for duplicity, which was overruled, and after a plea of not guilty, a jury was empaneled and trial proceeded. Defendant then objected to the introduction of any evidence on the ground that the information did not state a crime under section 225 of the Criminal Code, this being the section, as stated by the county attorney, in open court, under which the prosecution in the case was had. Thereupon, the court, of its own motion, instructed the jury to return a verdict of not guilty. The state then asked leave to file an amended information, which request was denied. It then asked the court to discharge the jury, without prejudice to a future prosecution, which application was also overruled. The jury then rendered a verdict of not guilty, in accordance with the instruction, and the defendant was discharged from custody. The state brings the case here on error, alleging that the lower court erred:

First, In sustaining the defendant's objection to the introduction of evidence on the ground that the information charged no offense;

Second, In instructing the jury on its own motion to return a verdict of not guilty;

Third, In denying the application of the state to file an amended information; and,

Fourth, In refusing to proceed with an examination for the purpose of determining whether probable cause existed for holding defendant to the next term of court.

1. It will be observed that the state at the trial elected to consider the information as being drawn under section 225 of the Criminal Code. If it charged a crime under said section, it would be under the following language:

"If any person *. * * shall open, or establish, as owner, or otherwise, any lottery, or scheme of chance, in this state." It will be noticed that the information is silent as to the capacity in which defendant acted in opening and establishing the forbidden business, while the statute denounces the act when committed by any person as "owner, or otherwise." It is therefore necessary to determine whether or not it is essential to allege and prove the capacity in which a person may act who is charged with this crime, under this section. If it is, the information was defective, and the lower court properly sustained defendant's objection to the introduction of any evidence thereunder.

The question is fraught with difficulties, for the reason that section 224 of the Criminal Code is also applicable to lotteries, the essential differences in the two, so far as is necessary to notice here, being that section 224 is confined to lotteries within this state, while section 225 extends to those either within or outside the state; and further, that while in section 224 the act is denounced against "any person," in section 225 the act of opening or establishing a lottery within the state is prohibitory against any person "as owner, or otherwise," and it further forbids any person "as owner or agent" from conducting a lottery established either within or outside the state. There seems to be no doubt that, in an information drawn under section 224, it is not necessary to allege the capacity in which a person may act in conducting a lottery or scheme of chance, the mere act on the part of

any person of doing any of the things therein denounced being sufficient to constitute a crime. Neither does there seem to be any doubt that under the latter part of section 225, reading as follows, "If any person,   *   *   * shall be in any wise concerned in any lottery or scheme of chance, by acting as owner or agent in this state, for or on behalf of any lottery or scheme of chance, to be drawn, paid, or carried on, either out of or within this state, every such person shall be fined," it would be necessary to charge that such person was acting as either owner, or agent of the owner, of such lottery, for the term "every such person" must refer to every one who is concerned as either owner or agent of any such lottery, and to no other persons than those so acting. This term "every such person" of course also refers to the term "as owner, or otherwise," employed in the portion of section 225 in question. Now, the fact that, in one portion of said section 225, the term "as owner, or otherwise" is employed, while in the other portion thereof, the more limited term "as owner or agent" appears, must have some significance, otherwise the same term would have been used in both clauses of the section. The word "otherwise" is extremely broad in its meaning, and is evidently intended to signify something more than members of the class "owners," else its employment would be absurd, for no matter how slight may be a person's proprietary interest in a business, he is an owner, and for that reason, we do not think, as is contended by counsel, that the word "otherwise" is merely intended to apply to those who may have a proprietary interest in such scheme of chance. We are inclined to believe that, taking this section as a whole, and in connection with section 224, it was the intention of the legislature, by the use of the words "or otherwise" after the word "owner," to mean any person who opens or establishes a lottery in any capacity, whether as agent, employee or other representative of the owner of such lottery. But it does not follow from this construction of the statute, as urged by the state,

that it is unnecessary to either allege or prove the capacity in which a person accused of such crime carries on such business. It would seem to be a more reasonable construction to say that the legislature, by employing the terms "owner, or otherwise," and "owner or agent" in section 225, while in section 224 it employed the term "any person" only, intended that, in prosecutions under section 224 it is not necessary to allege or prove the capacity in which such scheme is conducted, while under section 225 such allegation is requisite. Any other interpretation would be to hold that these more specific terms were needlessly used; but we are bound to give a meaning to words employed in legislative acts, if by so doing a reasonable construction can be given to all of them, and it is obvious that one of the reasons for the insertion of the specific terms, "owner, or otherwise" and "owner or agent" in the one section, while in the other section the term "any persons" is used, is that it was the legislative will that the capacity in which such person acted should be stated, if prosecuted under one section, while, if prosecuted under the other section such allegation is not necessary. This being the conclusion reached, it was not error on the part of the lower court to exclude evidence under the information claimed to allege a crime under section 225, and which did not allege the capacity in which the defendant acted in opening and establishing the lottery therein mentioned.

2. On the second point urged, that the court erred in instructing the jury to return a verdict of not guilty, counsel for the state is right; for, if the information did not state a crime (and we have so held) there was nothing on which the jury could pass, and the proper practice would have been to have discharged the jury from further consideration of the case.

3. As the record stands, the court ruled correctly in denying the application of the state for leave to file an amended information. The complaint filed before the committing magistrate, which is a part of the record in

this case, contains the same defect as appears in the information, and for that reason no valid information could be founded thereon.

4. As the record does not disclose that the state asked the district court to hold a preliminary examination in the case, that question can not be considered.

EXCEPTION SUSTAINED.