Benjamin F. Brazele *v.* State of Mississippi.

Criminal Law. *Gambling. Keeping gaming table. Indictment.*

> If an indictment under Code 1892, § 1124, amended Laws 1896, p. 110, making it a crime to keep a gaming table, fail to charge that the defendant was interested in the loss or gain of the table, it will be fatally defective.

From the circuit court of Pike county.

Hon. Moyse H. Wilkinson, Judge.

Brazele was indicted for keeping a gambling table. He demurred to the indictment, but the court below overruled the demurrer. Defendant then pleaded not guilty; was tried, convicted, and sentenced, and appealed to the supreme court.

The indictment, leaving off the formal parts, is as follows: "That Benjamin F. Brazele, in said county, on September 5, 1904, did then and there, unlawfully, willfully, feloniously,

become and was interested in a gaming table—to wit, a table on which games at cards were then and there being played unlawfully for money—by then and there unlawfully, willfully, and feloniously furnishing articles for the purpose of carrying them on." Defendant demurred to the indictment. The demurrer was overruled.

*P. E. Quin,* and *J. W. Cassedy,* for appellant.

*William Williams,* attorney-general, for appellee.

Argued orally by *J. W. Cassedy,* for appellant, and by *William Williams,* attorney-general, for appellee.

Whitfield, C. J., delivered the opinion of the court.

The indictment failed to charge that the defendant was "in any manner interested in the loss or gain of the said gaming table," as required by the statute. This was a fatal omission.

*The judgment is reversed, the demurrer sustained, the indictment quashed, and the defendant will be held to answer such proper indictment as may be hereafter preferred against him.*