[No. 7138.   Decided April 20, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
PRESTON, *Appellant*.[1]

INFORMATION—DEGREES—CONVICTION—OF LESSER OFFENSE — GAM-
ING. The misdemeanor of dealing, carrying on, opening, or conduct-
ing, either as owner, proprietor, or employee, whether for hire or
not, any game of . . . roulette . . . as defined by Bal. Code,
§ 7260, is necessarily included in the felony of conducting, carrying
on, opening or causing to be opened, either as owner, proprietor, em-
ployee or assistant, whether for hire or not, any game of . . .
roulette . . . in any house where persons resort for the pur-
pose of playing any such game, as defined by Laws 1903, p. 63; and
a conviction of the former may be had under an information for the
latter offense, charging the conducting of a gambling resort by con-
ducting and carrying on a game of roulette in a place where persons
resort for that purpose.

GAMING—SECRECY—INFORMATION—SUFFICIENCY. Bal. Code, § 7260,
prohibiting each and every person from dealing, carrying on, open-
ing or conducting "either as owner, proprietor, employee, whether
for hire or not," any game of . . . roulette . . . played for
gain, is not limited to the conducting of public games, but includes
games secretly carried on from which the public is excluded.

SAME—CAPACITY OF PERSON IN GAME. Under such section, "each
and every person" is prohibited from gaming and it is not neces-
sary to allege the capacity in which the game was conducted.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered November 7, 1907, upon a
trial and conviction of conducting a game of roulette. Af-
firmed.

*Cain & Hurspool*, for appellant.

*Otto B. Rupp* and *John H. McDonald*, for respondent.

MOUNT, J.—The appellant was charged with conducting
a gambling resort. Upon a trial he was found guilty of "con-
ducting and carrying on a game of roulette," and sentenced

[1]Reported in 95 Pac. 82.

to pay a fine.    He appeals from the judgment pronouncing sentence.

Two questions are presented for consideration; (1) is the crime for which appellant was convicted necessarily included in the charge of conducting a gambling resort, and (2) if so, does the evidence show that appellant conducted and carried on a game of roulette.

The information, omitting formal parts, is as follows:

"Charles Preston is accused by the prosecuting attorney of Walla Walla county and state of Washington, by this information, of the crime of conducting a gambling resort, committed as follows:   The said Charles Preston on the 6th day of October, 1907, in the county of Walla Walla aforesaid, then and there being, did, then and there wilfully, unlawfully, and feloniously conduct and carry on a game of roulette, then and there being a game played and operated with a roulette table and wheel and chips and money, said chips being then and there representatives of value; and that said game was played, carried on, and conducted in a certain building at number 116 Main street in the city of Walla Walla, Washington, the same being a place where persons then and there resorted for the purpose of playing said game, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

The statute under which this information was filed is as follows:

"Any person who shall conduct, carry on, open, or cause to be opened, either as owner, proprietor, employee, or assistant, or in any manner whatever, whether for hire or not, any game of faro, monte, roulette,  .  .  .   whether the same be played or operated for money, checks, credits, or any other representative or thing of value, in any house  .  .  . where persons resort for the purpose of playing, dealing or operating any such game, machine, or device, shall be guilty of a felony,  .  .  ."    Laws of 1903, page 63.

This statute, as its title states, was clearly intended to "prohibit the maintaining of gambling resorts," and it is conceded that the prosecution in this case was based upon,

and proceeded under, this statute. The misdemeanor statute under which the verdict was returned is as follows:

"Each and every person who shall deal, (play), or carry on, or open, or cause to be opened, or who shall conduct, either as owner, proprietor, employee, whether for hire or not, any game of faro, monte, roulette, . . . or other game played with cards, dice, or any other device, whether the same be played for money, checks, credits, or any other representative of value, shall be guilty of a misdemeanor, . . ." Bal. Code, § 7260 (P. C. § 1877).

This statute was evidently intended to prohibit the games named, and to make each person conducting and carrying on such games guilty of a misdemeanor. It seems to us, under the wording of these two sections, that the lesser crime is necessarily included in the greater, because, in order to convict under the felony statute first above quoted, it is necessary to allege and prove, both that the prohibited games are conducted, carried on, or opened, and also that they are conducted, carried on, or opened in a place where persons resort for that purpose. The rule is settled that a defendant may be convicted of an offense the commission of which is necessarily included within that with which he is charged. Bal. Code, § 6596 (P. C. § 3014). The information in this case clearly charges the misdemeanor in charging the felony. The evidence in the case shows that the appellant owned certain gambling paraphernalia, among which was a roulette wheel, which he had stored in the basement of a certain building in Walla Walla; that three other persons besides himself, on three or four different occasions in a space of three or four months, requested appellant to take them to this place, and thereupon the appellant did take them there, where they played at roulette with chips representing money; that the appellant sold and redeemed these chips and managed the game; that no other persons were permitted there, and the door of the storeroom was kept locked during the time they were there and at other times; that this room was an ordinary storage room and not open to the public.

It is contended that the statute, by the use of the words "deal or carry on, or open, or cause to be opened, or who shall conduct, either as owner, proprietor, employee," etc., means that such games shall not be dealt or carried on openly or publicly, and also that, before a conviction can be had, the information should allege that the accused conducted the game either as owner or proprietor or employee. As to the first contention, the evidence clearly shows that the appellant did not conduct a public game, but that the games were strictly private from which the public was excluded. But the statute referred to, in our opinion, means to prohibit the games mentioned even though dealt or opened or carried on in private when they are dealt or carried on for gain. Bal. Code, § 7268 (P. C. § 1885), permits games of chance played for amusement or pastime, and not for gain. The words "each and every person who shall deal or carry on or open," used in the statute, are not limited by any word which indicates that they were used to express games conducted only where the public are invited, and we think it was not the intention of the legislature to so limit them in this act. That was done in the felony act above quoted. We are of the opinion, also, that it was not necessary to allege that the accused conducted the game as owner, proprietor, or employee, because the statute prohibits "each and every person" who shall conduct such games "either as owner, proprietor, employee, whether for hire or not," the evident intention being to make immaterial the capacity in which the game was conducted by the operator. This court said, in *State v. Wilson*, 9 Wash. 16, 36 Pac. 967: "It is the conducting of the game as proprietor and not the gambling with any particular person which the statute prohibits." When that remark was made the court was not then considering the question now presented. The statute does prohibit "the conducting of the game as proprietor," and it does more than that; it prohibits the game by each and every person who shall conduct the same, whether as owner, proprietor, or employee, whether for hire or not.

We find no error in the record, and the judgment must therefore be affirmed.

HADLEY, C. J., ROOT, FULLERTON, and CROW, JJ., concur.