[No. 7905.  Department Two.  July 10, 1909.]

THE STATE OF WASHINGTON, *Appellant*, v. FRED BURNS, *Respondent.*[1]

CRIMINAL LAW—PLEAS IN BAR—FORMER ACQUITTAL.  The dismissal of a previous complaint or information is not a bar to another prosecution under an information charging a felony, under Bal. Code, § 6916, expressly so providing.

GAMING—KEEPING GAMBLING RESORT—INFORMATION—SUFFICIENCY. A complaint or information for gambling, under the act of 1903, p. 63, is insufficient to support a conviction, where it fails to allege the commission of the crime in a place "where persons resort for the purpose of playing," etc., the statute clearly being intended to prohibit the maintaining of gambling resorts.

GAMING—INFORMATION—PLAYING FOR GAIN—SUFFICIENCY.  A complaint or information for gambling under Bal. Code, § 7260 is insufficient to support a conviction where it fails to allege that the game was played "for money, checks, credits, or any other representative of value."

CRIMINAL LAW—PLEA IN BAR—FORMER ACQUITTAL—DEFECTIVE INFORMATION.  The common law rule that an acquittal is no bar to another prosecution, if the indictment was so defective that it would not have sustained a conviction, prevails in this state, except where the acquittal was by a judgment on a verdict, as provided by Bal. Code, § 6904; hence the voluntary dismissal of such a defective charge is no bar to another prosecution.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered September 18, 1908, dismissing a prosecution for gambling, upon overruling a demurrer to a plea of former acquittal.  Reversed.

*C. R. Hovey* and *H. W. Hale*, for appellant.

RUDKIN, C. J.—On the 21st day of April, 1908, a complaint in writing was filed before one of the justices of the peace of Kittitas county, charging that the defendant herein Fred Burns,

"Did on or about the 21st day of April, 1908, in the county of Kittitas and state of Washington, unlawfully conduct

[1]Reported in 102 Pac. 886.

a gambling game, to wit a game of draw poker, in the Senate saloon, in Ellensburg, said county and state, contrary to the statute," etc.

On the following day this complaint was dismissed on motion of the prosecuting attorney in order that an information might be filed directly in the superior court. On the date of dismissal of the complaint filed before the justice of the peace, the prosecuting attorney filed an information in the superior court charging that the defendant herein Fred Burns,

"Did in the county of Kittitas and state of Washington, in a certain building situate upon lot five (5) in block fifteen (15) in the Original Town of Ellensburg, known as the Senate saloon, on or about the twenty-first day of April, A. D., one thousand nine hundred and eight, unlawfully and feloniously conduct, carry on and open a game of draw poker."

On the 19th day of June, 1908, the last mentioned information was dismissed on motion of the prosecuting attorney, and the defendant was held to await the filing of a new information. Thereafter a second information was filed charging that the defendant

"Did in the county of Kittitas and state of Washington, on or about the twenty-first day of April, A. D. one thousand nine hundred and eight, wilfully, unlawfully, and feloniously conduct and carry on a game of draw poker, then and there being a game played and operated with cards and chips and money, said chips then and there being representative of value; and that said game was played, carried on and conducted in a certain building situated upon lot five (5) in block fifteen (15) in the Original Town of Ellensburg, known as the Senate saloon, the same being a place where persons then and there resorted for the purpose of playing said game."

To this information the defendant pleaded the dismissal before the justice of the peace, and the dismissal of the first information filed in the superior court in bar, setting forth *in extenso* the records in both courts. The state demurred

to the plea of former acquittal, but its demurrer was over-ruled. The state then elected to stand upon its demurrer, and from a judgment of dismissal the present appeal was prosecuted.

It seems to us that the plea of former acquittal was bad, for two reasons; first, because the information to which the plea was interposed charged a felony under the act of February 16, 1903, Laws of 1903, p. 63, and in such cases the dismissal of a previous complaint or information without trial is no bar to another prosecution. It is said in the appellant's brief that the demurrer was overruled on the authority of *State v. Durbin,* 32 Wash. 289, 73 Pac. 373, but in commenting on that decision in the later case of *State v. Campbell,* 40 Wash. 480, 82 Pac. 752, the court said:

"What was really decided in that case was that, where a party had been charged with assault and battery and a *nolle prosequi* had been entered to such information for the purpose of allowing the prosecuting attorney to file an information charging the defendant with mayhem based upon the same state of facts, and where, upon the trial on the last information, the defendant was found guilty of assault and battery, such a proceeding was equivalent to trying the defendant twice for the same offense. But it will not do to lay down a rule to the effect that, in a case where, through inadvertence or misinformation of a prosecuting officer, a defendant has been charged with a misdemeanor—for instance, an assault and battery—and it afterwards eventuates that the actual crime committed was that of an assault with intent to commit murder, or even murder, the law must be content with punishing the defendant for the crime of assault and battery or allow him to escape punishment altogether, by reason of the inability of the state to dismiss the action for assault and battery and indict for the greater offense. Such a determination by a court would surely be the clogging, instead of the lubricating, of the wheels of justice."

A dismissal without trial is therefore no bar to another prosecution for a felony, under Bal. Code, § 6916 (P. C. § 1536), which provides that "An order for dismissal as provided in this chapter is a bar to another prosecution for

the same offense, if it be a misdemeanor; but it is not a bar if the offense charged be a felony." In the second place it seems quite apparent to us that the complaint filed before the justice of the peace and the first information filed in the superior court charged no crime whatever. It is manifest that the complaint and information failed to charge a crime under the act of 1903, *supra*, for that act applies only to games conducted "In any house, room, shop, or other building whatever, boat, booth, garden, or other place, *where persons resort for the purpose of playing*," etc. As was said by this court in *State v. Preston*, 49 Wash. 298, 95 Pac. 82, "This statute, as its title states, was clearly intended to 'prohibit the maintaining of gambling resorts.' " There was no averment in either the complaint or information to bring the offense within this statute. It seems equally manifest that the complaint and first information charged no crime under Bal. Code, § 7260 (P. C. § 1877), for under that section the game must be played "*for money, checks, credits, or any other representative* of value," and there was no such averment or allegation in either of these pleadings. Under § 7268 (P. C. § 1885), a person may play at any game of chance or skill for amusement or pastime only. To constitute a crime the game must be played for gain. *State v. Preston, supra.* For these reasons the first complaint and information were so far defective that they would not support a conviction and, in the absence of statute, an acquittal under such a pleading is no bar to another prosecution.

"In England an acquittal on an indictment so defective that, if it had been objected to at the trial, or by motion in arrest of judgment, or by writ of error, it would not have supported a conviction or sentence, has generally been considered as insufficient to support a plea of former acquittal; and this rule has generally been followed in the United States, except in cases expressly governed by some constitutional or statutory provision on the subject." 12 Cyc. 264.

See, also, *State v. Riley*, 36 Wash. 441, 78 Pac. 1001. Under Bal. Code, § 6904 (P. C. § 2157),

"A conviction or acquittal by a judgment on a verdict shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment or information on which the conviction or acquittal took place."

The common law rule prevails in this state except as modified by statute, and under the statute cited, an acquittal upon a defective information is no bar to another prosecution unless the judgment of acquittal is based upon a verdict after trial. In this case there was no trial and no verdict; hence the dismissals upon the defective complaint and information were no bar to a further prosecution. We have not been favored by a brief on the part of the respondent, but we can conceive of no ground upon which the plea of former acquittal can be sustained.

The judgment is therefore reversed, with directions to sustain the demurrer to the plea, and for further proceedings not inconsistent with this opinion.

CROW, PARKER, MOUNT, and DUNBAR, JJ., concur.