[No. 8064.   Department One.   December 17, 1909.]

THE STATE OF WASHINGTON, *Respondent* v. MATTHEW
GAASCH *et al.*, *Appellants*.[1]

GAMING—KEEPING GAMBLING RESORT—INFORMATION—SUFFICIENCY.
An information charging that the defendants did conduct and carry
on a gambling game with cards in a building where persons resort
for that purpose is insufficient to charge a felony under Laws 1903,
p. 63, making it a felony for "owners, proprietors, employees, or
assistants" to open or conduct gambling games in such places;, the
statute being aimed at the keeping of gambling resorts.

SAME—KEEPING RESORT—STATUTES—CONSTRUCTION.   The statute
making it a felony for owners, proprietors, employees, etc., to con-
duct gambling games in a gambling resort "in any manner what-
soever" does not amplify the intent of the law (which was aimed
at keepers of resorts) so as to include those who play at the game.

SAME — GAMBLING AND KEEPING RESORTS — STATUTES — REPEAL.
Laws of 1903, p. 63, making it a felony to keep a gambling resort,
does not repeal Bal. Code, § 7260, making gambling for gain a mis-
demeanor.

INDICTMENT AND INFORMATION—LESSER OFFENSE—CONVICTION—IM-
PROPER SENTENCE—APPEAL—REMAND.   A verdict of guilty upon an
information intended to charge the felony of keeping a gambling
resort, but only stating facts sufficient to charge the misdemeanor
of gambling for gain, is a sufficient conviction of the latter offense;
and upon reversing a sentence for the felony, the trial court will
be directed to enter the proper sentence for the misdemeanor.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.   A new trial for newly
discovered evidence is properly refused where the evidence merely
tended in a slight degree to impeach the evidence of the prosecuting
witness.

Appeal from a judgment of the superior court for Cow-
litz county, McCredie, J., entered January 5, 1909, upon a
trial and conviction of the crime of conducting a gambling
game.   Modified.

*J. N. Pearcy* and *A. H. Imus*, for appellants.

*B. L. Hubbell* and *John F. Dufur*, for respondent.

[1]Reported in 105 Pac. 817.

CHADWICK, J.—Defendants, Matthew Gaasch and Joseph Stock, were found guilty as charged upon an information drawn under the gambling law of 1903. The charging part of the information is as follows:

"They, the said Edward Bush, J. M. Bush, Joseph Stock and Matthew Gaasch, in the county of Cowlitz and state of Washington, on the 16th day of June, 1908, then and there being, did then and there conduct and carry on a gambling game played with cards, to wit: the game commonly known as poker, the said game being played for money, checks, credits and other things of value, in a building used for a saloon and lodging house purposes where persons resort for the purpose of playing, dealing and operating such gambling games; contrary to the form of the statute," etc.

The sufficiency of the information is called in question. It will be seen that the information does not charge defendants either as owners, proprietors, employees, or assistants, or that they had, in any manner such as is made penal by the felony statute, anything to do with the game. As stated in *State v. Preston*, 49 Wash. 298, 95 Pac. 82, and *State v. Burns*, 54 Wash. 113, 102 Pac. 886, the object of the felony statute was to suppress gambling resorts and to punish those who maintained them. Hence, considering the purpose of the law as well as its letter, to sustain a conviction for a felony there must have been some charge of proprietorship. It is not sufficient to say that the one charged merely played or sat in the game, but the information should allege his relation as owner, proprietor, employee, or as assistant to one who sustains a proscribed relation to the game. The authorities sustain this view. *State v. Dennison*, 60 Neb. 157, 82 N. W. 383; *Brazele v. State*, 86 Miss. 286, 38 South. 314.

In the syllabus to *United States v. McCormick*, Fed. Cases, No. 15,663, the following apt statement of the rule of pleading in such cases may be found:

"Where a statute inflicts a penalty upon persons of a

certain description only, it is necessary, in an indictment upon that statute, to aver all the facts necessary to show that the defendant was a person of that description at the time of committing the act."

The state contends that the words "in any manner whatever," as used in the statute, are sufficient to sustain the information. These words must be measured by the words they qualify, and cannot be relied upon to amplify the manifest intent of the law which has been recognized and declared in at least two cases decided by this court. Although the information is insufficient to charge a crime under the felony statute, it does charge a crime under the misdemeanor statute.

In *State v. Preston, supra,* it was held that Bal. Code, § 7260 was not repealed by the act of 1903. The object of this law was there declared to be to prevent gambling for gain, and that therefore the allegations of proprietorship were not essential. It was also held that, where a felony was charged, the court might submit the misdemeanor to the jury as an included crime. This was done in this case under proper instructions. Under the rule of the *Preston* case, we are of the opinion that the verdict of guilty carries with it a conviction under § 7260, and that, instead of the trial court sentencing appellants to the penitentiary, judgment should have been rendered holding them guilty of a misdemeanor.

It is further urged that a new trial should have been granted because of newly discovered evidence. The affidavit in support of this contention affords nothing more than evidence tending to impeach in some slight degree the testimony of the prosecuting witness. It was properly rejected by the trial court. It may have been true, and still there was evidence to convict. *State v. Beeman,* 51 Wash. 557, 99 Pac. 756.

This cause is remanded with instructions to the lower court

to vacate its former judgment and to enter a judgment under Bal. Code, § 7260, and to give sentence accordingly.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.