[No. 8462.  Department Two.  May 2, 1910.]

THE STATE OF WASHINGTON, *Respondent,* v. A. F. SMITH et al., *Appellants.*[1]

GAMING—PLAYING GAME—STATUTES—CONSTRUCTION.  Playing at a game of poker, without having any interest in the place or conducting the game, warrants a conviction under Rem. & Bal. Code, § 2924, providing that each person who "shall deal, (play), or carry on . . . conduct . . ." etc., shall be guilty, etc., the word "play" being part of the original law as enacted in 1881.

GAMING—VERDICT—FORM—SUFFICIENCY.  Where an information charged but one offense, the misdemeanor of playing, opening or conducting the game of poker as defined by Rem. & Bal. Code, § 2924, a verdict of "guilty of conducting a game of poker" is sufficient, although by Id., § 2172, the form of "guilty" or "not guilty" is contemplated.

[1] Reported in 108 Pac. 618.

SAME—VERDICT—SUFFICIENCY—OFFENSE CHARGED — INSTRUCTIONS. Upon an information charging only the misdemeanor of playing or conducting a game of poker, defined by Rem. & Bal. Code, § 2924, in which the court erroneously assumed that it charged the felony of keeping a gambling place as "owners, proprietors," etc., and so charged the jury, submitting three forms of verdict, a verdict in the form instructed for the misdemeanor, showing that the jury clearly intended to find the defendants guilty under § 2924, is sufficient to sustain a conviction of the misdemeanor, although technically defective.

Appeal from a judgment of the superior court for Franklin county, Holcomb, J., entered May 27, 1909, upon a trial and conviction of gambling. Affirmed.

*Henry J. Snively* and *H. B. Noland*, for appellants.

*A. A. Hinman*, for respondent.

PARKER, J.—The defendants were charged by information as follows:

"That the said A. F. Smith, C. Griffith, F. T. Allison and John Lewis, in the County of Franklin, State of Washington, on the 21st day of February, 1909, then and there being, did and then and there willfully, unlawfully and feloniously conduct, deal, play and carry on a certain game of poker, the same having been played and operated for checks then and there being representatives of value, to wit: Representatives of money, and that said game was played, carried on and conducted in a certain room of a certain building known as 'Sylvester's Pool Room,' in the town of Pasco, the same being a place where persons then and there resorted for the purpose of playing said game."

They each pleaded not guilty, and upon a trial before the court and a jury, were found guilty. They moved for a new trial, and also for arrest of judgment, which motions being denied, judgment was entered upon the verdict, fining each of them $50. From this judgment, the defendants have appealed.

This conviction was had under § 2924 of Rem. & Bal. Code, which provides:

"Each and every person who shall deal, [play], or carry

on, or open, or cause to be opened, or who shall conduct, either as owner, proprietor, employee, whether for hire or not, any game of faro, monte, roulette, rouge-etnoir, lansquenette, rondo, vingt-un (or twenty-one), poker, draw poker, brag, bluff, thaw, tan, or any banking or other game played with cards, dice, or any other device, whether the same be played for money, checks, credits, or any other representative of value, shall be guilty of a misdemeanor."

The principal contention of learned counsel for appellants is that this conviction cannot be sustained because the evidence shows that the only thing the defendants did was to play at a game; and that this did not constitute an offense under § 2924; it being argued that this law is not aimed at those who only play at the games named, but is aimed at owners and proprietors. We will proceed upon the theory that the appellants had no interest in the place as owners, proprietors or employees, and that they were only playing at a game of poker, and only in that sense did they conduct, deal, play, or carry on such game for checks representing value. Under our previous holdings these facts will sustain a conviction under § 2924. *State v. Gaasch*, 56 Wash. 381, 105 Pac. 817; *State v. Preston*, 49 Wash. 298, 95 Pac. 82.

It is further contended that the word "play" is not in fact in this law, and with that word eliminated there would be nothing left in the law which could be construed as referring to any persons other than owners, proprietors, and employees. Our former decisions seem to assume that the word "play" is a part of the law. *In re Dietrick*, 32 Wash. 471, 474, 73 Pac. 506; *State v. Preston, supra*. However, since this question is presented for the first time, we have given it some attention. The contention that the word "play" is not in the law is apparently prompted by the manner in which it has been printed in Rem. & Bal. Code, and also its omission from § 1253 of the Code of 1881. In the former, it will be noticed, the word appears in brackets, thus suggesting some uncertainty as to its correctly being there. Referring to § 1253 of the original enrolled act of 1881 in

the office of the secretary of state, relating to crimes and punishments, we find the word "play" therein. It is evident that the word is in the law and that its omission from the code of 1881 is an error.

It is contended that the verdict is insufficient upon which to base a judgment; the argument being that the constituent elements of the offense are not covered by the verdict, the verdict being "guilty of conducting a game of poker." It will be noticed that the verdict does not simply find the defendants "guilty," nor does it in terms refer to the offense charged in the information. Either of these forms would no doubt be sufficient, though § 2172 of Rem. & Bal. Code seems to contemplate the using of the words "guilty" or "not guilty" as the case may be, without anything further. Such a verdict would be in proper form in this case, since there is but one offense charged, being that defined by § 2924 of Rem. & Bal. Code.

This record indicates that both the prosecuting attorney and the court regarded this charge as one of felony under chapter 51 of the Laws of 1903, page 63 [Rem. & Bal. Code, § 2931 et seq.], including the misdemeanor under § 2924. By our former holdings it is plain that this information does not charge a felony, since it does not charge the defendants as owners, proprietors, or employees; hence, it only charges the misdemeanor defined by § 2924. State v. Gaasch, supra. The trial court being of the opinion that the information charged both the felony and misdemeanor, instructed the jury accordingly, and instructed them to return one of three verdicts, furnishing them this with two other forms, at the same time instructing them in such manner as to plainly indicate they should use this form in case they found the defendants guilty under § 2924. In view of the court's instructions, there can be no doubt of the jury's intention to find the defendants guilty of the misdemeanor defined by § 2924, though it is somewhat technically defective. We are of the opinion that the evidence was sufficient

to sustain the verdict, and find no prejudicial error in the record.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.