[No. 9205.    Department One.    January 26, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. AXEL ANDERSON, *Appellant*.[1]

INFANTS—MINORS IN POOL ROOMS—INTOXICATING LIQUORS—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 2445, making it a gross misdemeanor to allow minors in any drinking saloon, dance house, public pool or billiard hall, concert saloon . . . "where intoxicating liquors are sold," the quoted words qualify all the preceding terms, and it is not an offense to allow minors in pool rooms in which no intoxicating liquors are sold; and if capable of two constructions, the one in favor of innocence must be adopted.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered August 29, 1910, upon a trial and conviction of a gross misdemeanor. Reversed.

*Bates, Peer & Peterson*, for appellant.

*J. L. McMurray* and *F. G. Remann*, for respondent.

PER CURIAM.—Axel Anderson was convicted of a gross misdemeanor and appeals from the judgment and sentence pronounced against him.

The material part of the statute under which the defendant was convicted, as amended by the special session of 1909, reads as follows:

"Section 193.    Every person who, (1)    Shall admit to or allow to remain in any [drinking saloon] dance-house, public pool or billiard hall, concert saloon, or in any place except a restaurant or dining room, where intoxicating liquors are sold or given away. . . . . . any person under the age of twenty-one years . . . . . shall be guilty of a gross misdemeanor." Laws 1909, Special Session, p. 66, chap. 27, § 1 (Rem. & Bal. Code, § 2445).

The information charged:

"That the said Axel Anderson in the county of Pierce, in the state of Washington, on or about the 5th day of March,

[1]Reported in 112 Pac. 931.

nineteen hundred and ten then and there being unlawfully
did admit to and allow to remain in that certain public pool
and billiard hall, known as the Washington Pool Hall,.
William Dwyer, Henry Crowl, and Alfred Harrington, all
being then and there male persons under the age of twenty-one
years, said public pool and billiard hall being then and there
owned, kept and managed by him the said Axel Anderson, and
. located in that certain building known and designated as
number 1020 South "K" street, in the city of Tacoma, con--
trary to the form of the statute in such cases made and pro-
vided, and against the peace and dignity of the state of
Washington."

To this information a demurrer was interposed on the-
ground that it did not state facts sufficient to constitute a
crime, the precise objection being that it was not alleged'
therein that the public pool and billiard hall which it was
charged that the defendant kept, owned and managed, and
into which the minors were admitted and allowed to remain,.
was a place where intoxicating liquors were sold or given
away. The demurrer was overruled, whereupon a trial was
had in which it was shown in evidence that the appellant con--
ducted a public pool and billiard hall to which the persons.
named in the information had been admitted and allowed to
remain, and that such persons were under the age of twenty-
one years. No evidence was introduced, however, tending to
show that intoxicating liquors were sold or given away in
such place, or that it was connected with any place where such.
liquors were sold or given away; on the contrary, it was con-
ceded by the state that the facts were otherwise. The appel-
lant challenged the sufficiency of the evidence to support a
conviction, which challenge was likewise overruled, and the-
conviction of the appellant followed as before stated.

The court was in error we think in allowing the appellant
to be convicted. We think the phrase found in the statute;
namely, "where intoxicating liquors are sold or given away,"·
was intended to qualify all of the preceding terms, making
it an offense to allow minors to enter and remain in public·

pool and billiard halls only in those instances where intoxicating liquors are sold or given away in such halls. The statute may be of doubtful meaning on the question here suggested, but if it be so, it is only another reason for giving it the more narrow construction. Laws are interpreted in favor of liberty, and if a statute is capable of two constructions, one of which makes a given act criminal and the other innocent, the statute will be given the construction which favors innocence.

The judgment is reversed, and the cause remanded with instructions to discharge the appellant.