[No. 9368.  *En Banc.*  April 5, 1911.]

## THE STATE OF WASHINGTON, *Respondent*, v. JOHN HARDWICK, *Appellant*.[1]

GAMING — INFORMATION — SUFFICIENCY.  An information charging merely the opening and conducting of a gambling game without alleging that it was done in any of the capacities prohibited by Rem. & Bal. Code, § 2469, is insufficient to sustain a conviction of a felony under that section, or of a misdemeanor under Rem. & Bal. Code, § 2470, prohibiting betting or wagering on a game carried on in violation of § 2469.

DUNBAR, C. J., dissents.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered April 13, 1910, upon a trial and conviction of the crime of conducting a gambling game.  Reversed.

*Cain & Hurspool*, for appellant.

*Everett J. Smith*, for respondent.

GOSE, J.—The defendant was tried, convicted, and sentenced as for the commission of a felony, upon an information charging that "the said John Hardwick, on the 26th day of March, 1910, in the county of Walla Walla aforesaid, did wilfully and unlawfully open, conduct, carry on, and operate a gambling game and game of chance." etc.  This appeal followed.

The appellant demurred to the information, upon the ground that it does not state facts sufficient to constitute a crime or offense.  The first assignment of error is predicated upon the overruling of the demurrer.  The point relied on is that the information does not allege that the appellant conducted the game in any one of the several capacities prescribed by the statute.  The applicable provisions of our statute are as follows:

[1]Reported in 114 Pac. 873.

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employe, and whether for hire or not, any gambling game or game of chance, played with cards, dice, or any other device, or any scheme or device whereby any money or property or any representative of either, may be bet, wagered, or hazarded upon any chance, or any uncertain or contingent event, shall be a common gambler, and shall be punished by imprisonment in the state penitentiary for not more than five years." Rem. & Bal. Code, § 2469; Laws of 1909, p. 955, § 217.

The state asserts that the information charges the commission of a felony under the section quoted. The old law (Rem. & Bal. Code, § 2931; Laws 1903, p. 63, § 1), provides that:

"Any person who shall conduct, carry on, open or cause to be opened either as owner, proprietor, employee or assistant, or in any manner whatever, whether for hire or not, any game of faro . . . or any banking or other game played with cards, dice or any other device, . . . whether the same be played or operated for money, checks, credits, or any other representative or thing of value,"

should be guilty of a felony. This statute has been repealed. Laws of 1909, p. 906, § 52 (Rem. & Bal. Code, § 2304); *In re Dietrick*, 32 Wash. 471, 73 Pac. 506. The only change effected by the new law touching the present inquiry is the substitution of the word "whether" for the word "either," and the omission of the words "or in any manner whatever." The old statute received construction in *State v. Gaasch*, 56 Wash. 381, 105 Pac. 817, and *State v. Smith*, 58 Wash. 235, 108 Pac. 618. We said in the *Gaasch* case:

"The object of the felony statute was to suppress gambling resorts and to punish those who maintained them. Hence, considering the purpose of the law as well as its letter, to sustain a conviction for a felony there must have been some charge of proprietorship. It is not sufficient to say that the one charged merely played or sat in the game, but the information should allege his relation as owner, proprietor, employee, or as assistant to one who sustains a proscribed relation to the game. The authorities sustain this view.

*State v. Dennison*, 60 Neb. 157, 82 N. W. 383; *Brazele v. State*, 86 Miss. 286, 38 South. 314."

And in the *Smith* case, we said:

"By our former holdings it is plain that this information does not charge a felony, since it does not charge the defendants as owners, proprietors, or employees; hence, it only charges the misdemeanor. . . ."

It seems to us that the substitution of the word "whether" for the word "either" adds nothing to the force of the statute. Either word could be omitted without changing the meaning of the law. The logic of the two preceding cases is that the words "owner," "manager," etc., are definitive of the class against which the penalty of the statute is directed. The information does not bring the appellant within the proscribed class. It is argued by the state, in substance, that the statute makes it a felony for any person to conduct any gambling game in any of the methods enumerated in the statute, and that the words "owner, manager, agent, clerk, or employee" have no significance. It would seem that, if the law makers had intended to denounce every person as a common gambler and a felon, who conducted a game in any manner whatever or without regard to the manner, they would have chosen words clearly indicative of that intent. As we said in *State v. Anderson*, 61 Wash. 674, 112 Pac. 931, it is a well-settled rule of construction in criminal cases that,

"Laws are interpreted in favor of liberty, and if a statute is capable of two constructions, one of which makes a given act criminal and the other innocent, the statute will be given the construction which favors innocence."

It is also clear that the information does not charge a misdemeanor under the provisions of Rem. & Bal. Code, § 2470. That section has reference only to a person who bets or wagers upon a game carried on in violation of § 2469. Without pursuing the question further, we think the information is fatally defective under the view announced in the *Gaasch* and *Smith* cases.

The judgment is reversed, with directions to sustain the demurrer.

MOUNT, PARKER, CHADWICK, FULLERTON, and CROW, JJ., concur.

DUNBAR, C. J. (dissenting)—I dissent. I am unable to comprehend how one can, in the language of the information, "wilfully and unlawfully open, conduct, carry on and operate a gambling game and game of chance," without operating it either as owner, manager, dealer, clerk, or employee; and if this be true, the requirements of the statute are in substance met by the information, and the judgment should be affirmed.