[No. 15761. Department One. July 14, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH ROUSSEAU, *Appellant*.[1]

INTOXICATING LIQUORS (42)—OFFENSES—"JOINTIST"—INFORMATION —SUFFICIENCY. An information sufficiently charges the offense of being a "jointist," defined by Laws of 1917, p. 60, § 17h, as opening up or conducting "either as principal or agent," any place for the unlawful sale of intoxicating liquor, although it does not charge that he acted as principal or agent, since he must have acted in the one capacity or the other.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 22, 1919, upon a trial and conviction of being a jointist. Affirmed.

[1]Reported in 191 Pac. 634.

*G. D. Eveland* and *S. A. Bostwick,* for appellant.
*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

Parker, J.—The defendant and appellant, Rousseau, was charged with, and upon trial adjudged guilty of, the offense of being a "jointist";

"In that he, the said Joseph Rousseau, in Snohomish county, state of Washington, on or about the 1st day of May, 1919, wilfully and unlawfully did open up, conduct, and maintain at Mukilteo, in said county and state, a certain place, to wit: a certain dwelling house, together with the appurtenances thereunto appertaining and belonging, for the unlawful sale of intoxicating liquor."

The only question to be here considered is whether or not this language quoted from the information charges appellant with the crime of being a "jointist" within the meaning of the definition of that offense as found in the Laws of 1917, p. 60, § 17h, which, so far as pertinent to our present inquiry, reads as follows:

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and is hereby defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' Any person convicted of being either a 'jointist' or 'bootlegger' as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years."

The substance of the whole contention here made in appellant's behalf is that the information is fatally defective because it does not in specific terms charge him with opening a place for the unlawful sale of intoxicating liquor "as principal or agent." It, of

course, seems plain that, in order to sustain a conviction of appellant, it must appear that he opened the place as principal, that is, as owner or proprietor of the place; or as agent of the owner or proprietor of the place; but is not this just what the language of the information necessarily means? How could one "open up, conduct, or maintain . . . any place for the unlawful sale of intoxicating liquor" except for himself as principal, or as agent for another as principal? We think the language of the information as plainly means that appellant opened the place "as principal or agent" as if these words were in the information.

Counsel for appellant rely upon our decisions in *State v. Gaasch*, 56 Wash. 381, 105 Pac. 817; *State v. Smith*, 58 Wash. 235, 108 Pac. 618, and *State v. Hardwick*, 63 Wash. 35, 114 Pac. 873, as analogous and decisive in appellant's favor here, though they were gambling cases. In the *Gaasch* case, there was under consideration the sufficiency of an information charging that he and three others "did then and there conduct and carry on a gambling game played with cards, to wit: the game commonly known as poker, the said game being played for money, checks, credits and other things of value, in a building used for a saloon and lodging house purposes where persons resort for the purpose of playing, dealing and operating such gambling games." The statute, Laws of 1903, p. 63, under which conviction was there sought, was as follows:

"Any person who shall conduct, carry on, open or cause to be opened, either as owner, proprietor, employee, or assistant, or in any manner whatever, whether for hire or not, any game of faro, monte, roulette, rouge et noir, lansquenette, rondo, vingt-un

(or twenty-one), poker, draw poker, brag, bluff, thaw, tan, or any banking or other game played with cards, dice or any other device, or any slot machine, or other gambling device whether the same be played or operated for money, checks, credits or any other representative or thing of value, in any house, room, shop or other building whatsoever, boat, booth, garden or other place, where persons resort for the purpose of playing, dealing or operating any such game, machine or device, shall be guilty of a felony, and upon conviction thereof shall be imprisoned in the penitentiary for the period of not less than one nor more than three years.''

The information was held to be insufficient to charge the felony so defined, because from its language it could not be said that it charged Gaasch and his codefendants with anything more than playing at a gambling game at the alleged resort, which was a misdemeanor, and did not charge or connect them in any way whatever with the proprietorship of the resort; and since the statute was aimed only at those who were proprietors of such a resort and those who assisted in maintaining such a resort, Gaasch was not charged with the felony defined by the statute. A critical reading of the decisions in the *Smith* and *Hardwick* cases, we think, will disclose that the informations therein were held insufficient upon substantially the same grounds as in the *Gaasch* case. This appellant is in no such position under this information and statute. The language of this information, we think, could by no possible construction be said to be directed against anyone except one who was either the proprietor of the prohibited place or agent of such proprietor, in the opening, conducting or maintaining of such place, and does not charge any act done or which could be done by anyone at the prohibited place other than as proprietor or agent of such proprietor.

We are quite convinced that the information sufficiently charges the offense of being a "jointist." The judgment is affirmed.

HOLCOMB, C. J., MAIN, BRIDGES, and MITCHELL, JJ., concur.