THE STATE V. CALVIN MOBERG, Appellant.—291 S. W. 118.

Court en Banc, February 15, 1927.

**1. ESCAPE: Presumption of Guilt: Instruction.** An instruction which tells the jury that "an escape by a defendant, who has been arrested charged with an offense, to avoid his trial on such charge, in the absence of qualifying circumstances, raises a presumption of guilt," declares as a matter of law that an escape by defendant raises a presumption of guilt, and is erroneous; and the error is not cured by its further words that "if you find from the evidence in this case, beyond a reasonable doubt, that the defendant did escape from an officer, after he had been arrested on the present charge, to avoid trial, then this is a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the guilt or innocence of defendant," but emphasizes the error. The instruction is further erroneous in that it does not aptly embody the explanation of his escape given by defendant while testifying.

**2. BURGLARY AND LARCENY: Instruction.** An instruction may erroneously make burglary a necessary ingredient of the charge of larceny, and yet on the record not be prejudicial to defendant by the fact that it requires the jury to find him guilty of burglary before finding him guilty of larceny.

Corpus Juris-Cyc. References: **Criminal Law**, 16 C. J., Section 2387, p. 983, n. 21; Section 2391, p. 985, n. 49; Section 2495, p. 1054, n. 98; 17 C. J., Section 3729, p. 360, n. 67.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

REVERSED AND REMANDED.

*Don C. Carter* for appellant.

(1) The court erred in refusing defendant's demurrer to the evidence, offered at the close of the evidence on the part of the State, and again offered at the close of all the evidence in the case. State v. Jones, 168 Mo. 402; State v. Horned, 178 Mo. 61; State v. Jones, 194 Mo. 268; State v. Kelley, 206 Mo. 685. (2) The court erred in giving Instruction No. 1, on the part of the State, in which it was undertaken to direct the jury what kind of a verdict to render in a case where defendant was charged with both burglary and larceny in the same count of the information. Sec. 3305, R. S. 1919; State v. Brinkley, 146 Mo. 37; State v. Lackey, 230 Mo. 718; Laws 1921, p. 279. (3) The court erred in giving Instruction 5, on the part of the State, relative to "flight raising a presumption of guilt." State v. Meininger, 306 Mo. 692; State v. Hogan, 252 S. W. 387; State v. Cox, 267 S. W. 884; State v. Jordan, 304 Mo. 23; State v. Mills, 272 Mo. 535; State v. Gibbs, 186 S. W. 987.

*North T. Gentry,* Attorney-General, and *Wm. L. Vandeventer,* Assistant Attorney-General, for respondent.

(1)   Instruction 1 correctly states the law.   Secs. 3297, 3305, R. S. 1919; State v. Peebles & York, 178 Mo. 475; State v. Tipton, 271 S. W. 55.   (2)   An instruction on flight should not say that flight, if proven, "raises a presumption of guilt."   State v. Hogan, 252 S. W. 389; State v. Meininger, 306 Mo. 675; State v. Jordan, 268 S. W. 70; State v. Campbell, 301 Mo. 618; State v. Cox, 267 S. W. 887; State v. Miller, 270 S. W. 294.

RAGLAND, J.—This cause was originally argued and submitted in Division.   The divisional opinion was not adopted in Court en Banc, but it contains an adequate statement of the facts, as follows:

"The appellant and Harold Stamper were charged by information in the Circuit Court of Boone County with burglary and larceny. A severance was granted, and upon a trial the appellant was convicted and sentenced to two years' imprisonment in the penitentiary for burglary and a like sentence for larceny.   From this judgment he appeals.

"On the night of August 1st, 1924, the office of the garage of J. F. Honey, in Centralia, was broken into and forty-one dollars taken from a cash register therein.

"Braxie Boyd, a witness for the State, who was rooming near the railway station in Centralia and was acquainted with the appellant and Stamper, stated that he was awakened about two-thirty or three o'clock in the morning succeeding the burglary and found the appellant and Stamper sitting on the side of his bed with the light turned on, dividing some money. He asked them. 'What poor devil did you get to?' and they answered; 'Poor Honey,' He insisted upon their leaving, lest the police should get on their trail and find them in his room. After a short time the appellant, who lived in Centralia, left for his home, and Stamper stayed with the witness, as he had on previous occasions.   Before the appellant left he and Stamper told the witness that they used a hatchet to pry open a back window to the garage and they described the trouble they had in opening the cash register, out of which they got forty-one dollars; that when they came out of the alley back of the garage they met a night watchman, who asked them why they were there, and that they told him they were chasing each other.   To this fact the watchman testified, and also that earlier in the night he had seen them in the same locality.

"The appellant was arrested August 28, charged with the burglary and larceny, and held in custody until the next day, when an officer started on the train with him for the county seat at Columbia.

While enroute the appellant went to the toilet and escaped by jumping out of the car window. Later he was rearrested.

"Appellant admitted that he escaped by jumping off of the train when the officer was taking him to Columbia. That he did not then know the cause of his arrest, but having a short time before received a threatening letter that if he did not leave Centralia he would be sent to the penitentiary he escaped through fear; that he did not then know the garage had been burglarized and robbed; and that he was not in Braxie Boyd's room, as stated by the latter, the night of the burglary and larceny.

"Stamper, testifying for the appellant, denied participation in the burglary and larceny and said that he was not in Boyd's room the night the crime was charged to have been committed; that he had stayed with Boyd several nights before, but not that night. Appellant and Stamper were shown to have criminal records."

I. The principal assignment of error is based on the giving of an instruction on the part of the State numbered 5. The instruction was as follows:

"The court instructs the jury that where there is evidence introduced as to an escape by a defendant, who had been arrested charged with an offense, to avoid his trial on such charge, such escape, in the absence of qualifying circumstances, raises a presumption of guilt; and if you find from the evidence in this case, and beyond a reasonable doubt, that the defendant Moberg did escape from the officer, after he had been arrested on the present charge, to avoid trial, then this is a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the question of the guilt or innocence of the defendant Moberg."

This instruction was erroneous in that it declared as a matter of law that an escape by a defendant raises a presumption of guilt. [State v. Hogan, 252 S. W. 389; State v. Meininger, 306 Mo. 675; State v. Jordan, 268 S. W. 70; State v. Campbell, 301 Mo. 618; State v. Cox, 267 S. W. 887; State v. Miller, 270 S. W. 294.] And the error was not cured by the latter part of the instruction which told the jury that the escape was "a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the question of guilt or innocence of the defendant." Indeed, taking the instruction that flight created a legal presumption of guilt with the qualifying words subsequently used, they were both equivalent to saying to the jury that they were, in considering the facts, to give them the weight which, as a matter of law, the court declared they were entitled to have, that is, as creating a legal presumption so well settled as to amount virtually to a conclusive proof of guilt." [Hickory v. United States, 160 U. S. 422.]

The instruction was further erroneous in that it did not "aptly embody the explanation which defendant gave on the witness stand of his alleged flight." [State v. Mills, 272 Mo. 535, and cases cited.]

"All the courts can do, when such interferences are invoked, is to say that escape, disguise, and similar acts afford, in connection with other proof, the basis from which guilt may be inferred; but this should be qualified by a general statement of the countervailing considerations incidental to a comprehensive view of the question. . . . The circumstances explaining or excusing flight are to be taken into consideration.

"Nevertheless the effort of the accused to escape or otherwise to evade justice is a circumstance admissible in evidence against him, from which guilt may be inferred. However, the court should always carefully instruct upon this class of evidence, and take into consideration any fact that explains or qualifies or limits such circumstances, or shows them in any way to be consistent with innocence." [2 Wharton's Criminal Evidence (10 Ed.) sec. 750.]

Instruction No. 1 given on the part of the State was as follows:

"The court instructs the jury that you may acquit or convict the defendant Calvin Moberg of the charges of burglary and larceny or you may acquit of either of said offenses and convict the defendant Calvin Moberg of the other; therefore the court instructs the jury that if you believe from the evidence in this case that the store building of Ford Honey referred to in the information, was, on or about the 1st day of August, 1924, the store, shop, or building of Ford Honey, and that in it goods, wares, or personal property of any kind were by the said Ford Honey then kept or deposited, and that the defendant Calvin Moberg at the County of Boone and State of Missouri, on or about the 1st day of August, 1924, did feloniously, burglariously, break and enter into it, and did so break and enter into it with the felonious intent to steal therein, then you will find the defendant Calvin Moberg guilty of burglary and assess his punishment," etc.

"If you find the defendant Calvin Moberg guilty of burglary, and if you further find and believe from the evidence that the defendant Calvin Moberg after breaking into and entering said building, did feloniously steal, take, and carry away therefrom, the sum of forty-one ($41) dollars, referred to in the information or any portion of the same, and that he did so with the intention to commit the same to his own use and to deprive the true owner of it without his consent, and that the property so stolen, taken and carried away, was the property of the said Ford Honey and was of any value, then you will find the defendant Calvin Moberg guilty of larceny and assess his punishment," etc.—

Appellant criticises this instruction on the ground that it makes burglary "a necessary ingredient of the charge of larceny." The

instruction is fairly subject to the criticism made. But on the record it is extremely doubtful whether appellant was in any wise prejudiced by the fact that the instruction, by implication at least, required the jury to find him guilty of burglary before it could find him guilty of larceny.

Some other matters are complained of but they are not of sufficient importance to merit consideration.

For the error in giving Instruction No. 5 the judgment is reversed and the cause remanded. *Blair, C. J.,* and *White* and *Atwood, JJ.,* concur; *Walker, J.,* dissents; *Graves, J.,* absent, and *Gantt, J.,* not sitting.