[No. 22536. Department One. December 18, 1930.]

THE STATE OF WASHINGTON, Respondent, v. LEE L. BENBROOK et al., Appellants.[1]

Rummens & Griffin, Attwood A. Kirby, and O. T. Webb, for appellants Benbrook et al.

J. F. Knight, for appellant Beam.

Charles A. Turner, for appellant McKenzie.

Charles R. Denney, for respondent.

MAIN, J.—The defendants, Lee L. Benbrook, Charles Beam, Luke Weidenbacher and George W. McKenzie, were charged by information with unlawfully and feloniously opening up, conducting, carrying on and operating a gambling game known as craps. Defendants'

[1] Reported in 294 Pac. 263.

demurrer to the information having been overruled, a trial resulted in a verdict of guilty as to all of the defendants. Motion in arrest of judgment also being made and overruled, judgment and sentence was entered, from which the defendants appeal.

The first question is whether the information is sufficient, and this presents the same question as did the motion for arrest of judgment. The information, so far as it is necessary here to set it out, is as follows:

"They, the said Lee L. Benbrook, Charles Beam, Luke Weidenbacher and George W. McKenzie, in the county of Snohomish, state of Washington, in a building known as McKenzie's, as owner, manager, agent, dealer, clerk and/or employee, the exact capacity of each of said defendants being to the prosecuting attorney unknown, on or about the 2nd day of March, 1929, did willfully, unlawfully and feloniously, open, conduct, carry on and operate a gambling game and game of chance commonly known as craps and said game was then and there played with dice, and was a game whereby money and the representative of money was bet, wagered and hazarded upon a chance, uncertain and contingent event; contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

It will be observed that, in stating the capacity in which the appellants acted, whether as owner, manager, etc., both the conjunctive "and" and the disjunctive "or" are used between the words "clerk" and "employee." This is followed by a statement that the exact capacity in which each of the appellants acted was unknown to the prosecuting attorney, which statement is of no special significance. It is said that the information is bad because it fails to specify the exact capacity in which each of the appellants acted, that is, whether as owner, manager, agent, dealer, clerk, or employee, which words define a class. The

prosecution was brought under Rem. Comp. Stat., § 2469, which reads as follows:

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employee, and whether for hire or not, any gambling game or game of chance, played with cards, dice, or any other device, or any scheme or device whereby any money or property or any representative of either, may be bet, wagered or hazarded upon any chance, or any uncertain or contingent event, shall be a common gambler, and shall be punished by imprisonment in the state penitentiary for not more than five years."

It will be observed that by this section every person who shall own, conduct, carry on or operate, whether as manager, agent, dealer, clerk, or employee, any gambling game played with dice, or any scheme or device whereby money or property is bet, wagered or hazarded, shall be a common gambler. The words "common gambler" are of no special importance, because the statute defines what they shall mean. The legislature could have omitted the words entirely or used any other words and the effect would have been the same. Since the statute defines what is meant by common gambler, there is no occasion to resort to the common law meaning thereof. If the state were required in the information to designate the exact capacity in which each one of the appellants charged acted, it would unnecessarily shackle the prosecution and would result in a discharge in the event that the information stated one capacity and the evidence showed another. In what capacity each of the appellants acted in opening up and conducting the gambling game with which they are charged, was a matter peculiarly within their own knowledge, and was something which it would be practically impossible in many cases, as it would have been in this, for the prosecuting attorney to as-

certain before filing the information. We are satisfied that it was not the legislative intent that the information should charge the exact capacity of each appellant, or, if not so charged, that the prosecution should fail. The general rule that, where a statute enumerates in the alternative several acts, the doing of which constitutes a crime, it is necessary, if the several acts are joined in one information, that they be stated conjunctively, should not be applied when stating the capacity in which one or more parties acted in opening up or conducting a gambling game. It is true that § 2057, Rem. Comp. Stat., provides that an information must be direct and certain as regards the party charged, the crime charged, and the particular circumstances of the crime charged when they are necessary to constitute a complete crime, and we think that the information in this case meets the requirement of that statute.

The case of *State v. Hardwick,* 63 Wash. 35, 114 Pac. 873, is not out of harmony with what has hereinbefore been said. The information in that case charged only that the defendant,

". . . on the 26th day of March, 1910, in the county of Walla Walla aforesaid, did willfully and unlawfully open, conduct, carry on, and operate a gambling game and game of chance."

The information was held bad because it did not allege that the defendant was acting in any of the capacities prohibited by the statute. It was not there held that it was necessary to state in the information the exact capacity in which one charged under the statute acted. It was said:

"The logic of the two preceding cases is that the words 'owner,' 'manager,' etc., are definitive of the class against which the penalty of the statute is directed. The information does not bring the appellant

within the proscribed class. It is argued by the state, in substance, that the statute makes it a felony for any person to conduct any gambling game in any of the methods enumerated in the statute, and that the words 'owner, manager, agent, clerk, or employee' have no significance. It would seem that, if the law makers had intended to denounce every person as a common gambler and a felon, who conducted a game in any manner whatever or without regard to the manner, they would have chosen words clearly indicative of that intent.''

An information which brings the one charged within the class against which the penalty of the statute is directed is sufficient. The demurrer to the information and the motion in arrest of judgment were both properly overruled.

The question above considered is the principal one presented upon the appeal, and the only one which requires detailed consideration. The other questions will be only briefly noticed.

It is contended that the court erred in submitting the case to the jury, but we find no error in this regard. The jury were fully and accurately instructed upon the issues in the case, and were specifically told what it was necessary for them to find before the appellants or any of them could be found guilty.

The appellants also complain of the refusal of the court to give certain requested instructions. So far as these correctly state the law and would have been proper to be given, they were covered by the instructions which the court did give.

It is contended that, as to the appellant McKenzie, the evidence was not sufficient to take the question of his guilt to the jury. Without reviewing the evidence in detail, it may be said that there was more evidence in this case to connect McKenzie with the crime charged than there was the defendant Silver in the

608

case of *State v. Silver,* 152 Wash. 686, 279 Pac. 82, where it was held that the evidence was sufficient to sustain the verdict.

Finally, it is contended that the deputy prosecuting attorney was guilty of misconduct in his argument to the jury, but we find no merit in this contention.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.