[No. 22910.   Department One.   March 18, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. ORIN OWEN, *Appellant.*[1]

*Revelle, Simon & Coles,* for appellant.

*Charles R. Denney,* for respondent.

MAIN, J.—O. W. Owen and three others were, on or about October 19, 1929, charged by information with unlawfully opening up, conducting and carrying on a gambling game and game of chance "commonly known as craps." The trial resulted in a verdict of not guilty as to two of the defendants, and guilty as to Owen and one other. From the judgment and sentence, Owen alone appeals.

[1]Reported in 297 Pac. 169.

The place where the crime is alleged to have been committed is at what is called "The Ranch," which is a roadhouse located on the Pacific highway between Seattle and Everett, a short distance north of the King county line. In this roadhouse, is a large room where meals are served and dancing is provided for guests. Back of this room there is another room, where gambling by "playing of craps" was carried on. August 17, September 21, September 26, October 17 and October 19, 1929, Federal prohibition agents, with their wives, visited the place, and, on the last named date, the arrests were made.

September 21, the appellant was seen bringing several rolls of money which he gave to the one conducting the game. September 26, for a time during the evening, the appellant operated the game. The money from the gambling was delivered to the cashier in the room where dancing was carried on. Owen, as he testified, was head waiter, and had charge of greeting patrons as they came in, and seeing that they were seated and properly cared for. October 17, the appellant came into the gambling room and was asked by the one then conducting the game if he cared to take the game for a while, and he replied that he did not feel like it at that time. Concerning one occasion when the officers were there, it was testified:

"On that night there were not many large bets, but always upwards of a dollar. The money sack was given to the cashier at the cashier's desk near the front door. I have seen Owens near the cashier's desk. He would stand there and bid the guests farewell as they left; he was acting as manager."

As already stated, on the night of October 19, the appellant and three others were arrested for conducting a gambling game, and were subsequently tried, with the result above stated.

It is first contended that it was error to admit testimony as to appellant's being in the gambling room September 21 and September 26, and as to what he did there, because this was prior to the date of the crime as charged in the information, and was evidence of a separate and distinct crime.

The general rule is that proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of a crime charged, but there are certain exceptions to this rule which are as well settled as the rule itself. In the case of *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269, it was held that in the prosecution of two persons for opening up and carrying on a gambling game as owners and managers on a certain date, evidence of like offenses in the same place on prior dates was admissible, not only for the purpose of showing that the defendants were operating the game in question, but to show their interest as owners and managers. After stating the general rule, the court said:

"There are, at least, two essential elements which must be proven in order to justify conviction in this case; one is, that the defendants opened, conducted, carried on or operated the game at the time charged in the information, and the other is that they did so either as owners, managers, agents, dealers, clerks or employees. We think the testimony to which objection is made was clearly admissible, not only for the purpose of showing that the defendants were operating the game on the date mentioned in the information, but also for the purpose of showing their interest in the same as owners or managers. The testimony shows that, on the day fixed in the information, Sam Kaukos was actively engaged in operating the game and that, at that particular time, the other defendant, George Karaiskos, was present and playing. Testimony to the effect that George Karaiskos had operated the game on the previous night and that Sam Kaukos was present and playing, and that the game was operated in

like manner on several previous nights, had a strong tendency, along with the other testimony to the effect that both defendants rented the premises and owned the furniture, to show that, on the night named in the information, each defendant was interested in and operating the game. There was a direct connection between the crime charged and those committed on the previous nights. Defendants' connection with the previous games tended to show their connection with the game with which they were charged.''

Under the holding in that case, the evidence here complained of was admissible.

The case of *State v. Hoffman,* 56 Wash. 622, 106 Pac. 139, does not hold that such evidence is inadmissible, but holds only that, since the felony of conducting or opening certain games of chance at a place where persons resort for gambling is not a continuing offense, an information charging the crime as committed on different days between specified dates, is not specific and certain as to the offense charged, and is demurrable in that it charges more than one offense. The question there was whether in the information the offense could be charged as having been committed on two or more different days, and was not whether evidence of what took place on prior dates was admissible for the purpose of showing that those charged with the offense were operating the game in question, or of showing their interest as owner, manager, agent, dealer, clerk or employee. There was no error in receiving the evidence complained of.

It is next contended that the court erred in limiting the cross-examination of Federal prohibition agents who testified in the case. The two questions which the agents were not permitted to answer on cross-examination were these:

''Is it a part of your duty as a prohibition agent to enforce the state laws with reference to gambling?'' and

"You did not think as a Federal prohibition agent you had any right to gamble in violation of the state law?"

The agents had testified that, on occasions when they visited the place, they had participated in the gambling. Whether it was a part of the duty of the Federal prohibition agents to enforce the state laws with reference to gambling, was an entirely immaterial inquiry, as was also the matter of whether they thought, as such agents, they had a right to gamble in violation of the state law. Neither of these questions bore upon any issue in the case, and there was no error in sustaining the objections thereto.

It is next contended that the court erred in rejecting two instructions requested by the appellant, but if it was not error to sustain the objection to the questions asked on cross-examination of the prohibition agents, it was not error to refuse the requested instructions, which related to the same matters.

Under the facts as above stated, which are more particularly detailed in the evidence, and other facts and circumstances of the case, it cannot be held as a matter of law that there was not sufficient evidence to take the case to the jury. There was as much evidence to sustain the verdict in this case as there was in the cases of *State v. Silver*, 152 Wash. 686, 279 Pac. 82, and *State v. Benbrook*, 159 Wash. 603, 294 Pac. 263.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.