[No. 29902. *En Banc.* November 15, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY LEW, *Appellant.*[1]

[1]Reported in 174 P. (2d) 291.

*George R. Stuntz* and *Clarence J. Coleman,* for appellant.

*Lloyd Shorett* and *Max R. Nicolai,* for respondent.

MILLARD, C. J.—Defendant was charged in the superior court for King county by information with the crime of being a common gambler as set forth in three counts. The charging part of the information reads as follows:

"He, the said Harry Lew, in the County of King, State of Washington, on or about the 5th day of September, 1945, wilfully, unlawfully and feloniously, as owner and manager, did conduct and operate gambling games and games of chance, to-wit: craps, chuck-a-luck, black-jack and roulette, played with dice, cards and wheels, whereby money was then and there bet, wagered and hazarded upon a chance, uncertain and contingent event."

Count No. 2 charged the same crime and alleged that it was committed on or about September 6, 1945. Count No. 3 charged commission of the same crime on or about September 9, 1945.

The information is predicated upon the statute which reads as follows:

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employee, and whether for hire or not, any gambling game or game of chance, played with cards, dice, or any

other device, or any scheme or device whereby any money or property or any representative of either, may be bet, wagered or hazarded upon any chance, or any uncertain or contingent event, shall be a common gambler, and shall be punished by imprisonment in the state penitentiary for not more than five years." Rem. Rev. Stat., § 2469 [P.P.C. § 116-123].

Trial of the cause to a jury resulted in a verdict finding defendant guilty as charged. Judgment was entered, sentencing defendant to confinement in the state penitentiary for not more than five years on each count, the sentences to run concurrently. Defendant appealed.

One room of the "China Pheasant," a dance-and-dine resort located outside the boundaries of Seattle and within the police jurisdiction of the sheriff for King county, was devoted to gambling and was in operation on the dates charged in the information. Appellant concedes the sufficiency of the evidence as to gambling and gambling paraphernalia.

About midnight, September 9, 1945, county peace officers raided the China Pheasant after having obtained a search warrant for gambling paraphernalia. One of the peace officers, who personally knew appellant, immediately upon entering the premises of the China Pheasant placed appellant under arrest and directed him to remain in the building. After the raid was concluded and the evidence seized, appellant had disappeared.

Appellant first complains that the prosecuting attorney in his opening statement was guilty of prejudicial misconduct, in that he directed attention to the commission of a separate and distinct offense—attempted bribery by appellant—and referred to an injunctive order and bond in an abatement action in which appellant was the defendant.

The prosecuting attorney stated that, one year previous to the three dates appellant is charged with owning and operating a gambling house, a county peace officer sought to investigate the China Pheasant. Appellant met the officer and invited him to have dinner with his girl friend at the China Pheasant. Appellant accompanied the officer to the latter's automobile and offered him a bribe of two fifty-

dollar bills. When the officer refused to accept the bribe, appellant threw a fifty-dollar bill into the officer's automobile. Appellant's motion for a mistrial and that the statements of the prosecuting attorney be stricken was denied.

Over objection of counsel for appellant, the prosecuting attorney stated that he would show that, a year prior to the dates alleged in the information, he had brought abatement proceedings against the China Pheasant, and that appellant had agreed to the entry of an order enjoining gambling at the China Pheasant and had posted a bond in the amount of one thousand dollars to assure his compliance with that order.

The testimony which supported the opening statement of the prosecuting attorney regarding appellant's attempt to bribe a peace officer was stricken by the trial court, and the jury were orally and in writing instructed that that testimony had been stricken.

For the purpose of identifying appellant as owner and manager of the China Pheasant, and in conformity to his opening statement, the prosecutor offered in evidence the record of an abatement action filed in 1944 against the China Pheasant, which record fully sustained the prosecutor's opening statement. The objection of appellant to admission of the documents in evidence and the offer of proof thereon was sustained.

■ While the facts respecting appellant's offer of money to a county peace officer tended to prove that appellant was guilty of the crime of attempted bribery, such evidence was not incompetent. The sole defense of appellant at the trial was that he did not own the China Pheasant. Evidence of the attempted bribery was relevant in the prosecution of appellant on the charge of which he was convicted, as it was some evidence of an essential ingredient of the crime with which appellant was charged; that is, ownership or management of the gambling resort by appellant. If appellant did not have a material interest in the gambling business that was under investigation, he would hardly have attempted to bribe the peace officer. The evidence of the attempt to bribe the officer was relevant, as it tended to prove appel-

lant's ownership or management of the gambling house. As that evidence was relevant, it was admissible, even though it tended to prove commission of the collateral crime on the part of appellant. 22 C. J. S. 1139. See, also, *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269; *State v. Owen,* 161 Wash. 324, 297 Pac. 169; *State v. Stevenson,* 169 Wash. 10, 13 P. (2d) 47.

The trial court erred in granting the motion to strike the testimony of the witness and in withdrawing from the consideration of the jury the reference of the prosecutor respecting the offered bribe. The prosecuting attorney was not guilty of misconduct in his opening statement.

■ The evidence concerning the injunction proceeding was admissible, and the trial court erred in sustaining the appellant's objection thereto. That evidence supported the charge not only that gambling was in operation at the China Pheasant, but that appellant was the owner and manager of that gambling house.

Appellant next assigns as error the court's instruction No. 7½, as follows:

"You are instructed that if you find from the evidence beyond a reasonable doubt that the defendant Harry Lew, within a reasonable time prior to the dates alleged in this information, was the owner or manager of the China Pheasant, the law presumes, in the absence of evidence to the contrary, that such ownership or management continues.

"You are further instructed that this presumption is rebuttable and it is rebutted if, after a careful consideration of all the evidence relative thereto, you have a reasonable doubt as to such ownership or management at the time or times charged in the information herein."

Appellant contends that the vice of the instruction is that it nullifies the presumption of innocence and creates a new presumption which requires the appellant to prove a negative; that is, nonownership or nonmanagement, if the jury should find that at some previous time appellant was either owner or manager.

■ ■ True, any presumption of the continuance of ownership or management is not a presumption of law, but only one of fact, and as such is only a circumstance for the jury to consider along with all the other circumstances in

the case. The giving of the instruction quoted above constituted error; however, the instruction was not, in view of the evidence which established appellant's ownership and management of the gambling house, prejudicial.

A presumption of law is an arbitrary rule of law that, when a certain fact or facts appear, a certain other fact is, for the purpose of the case, deemed to be established either conclusively or until contrary evidence is introduced; while a presumption of fact is merely a logical inference or conclusion which the trier of the facts is at liberty to draw or refuse to draw.

The weight to be attached to the circumstance of prior ownership, like all other evidence in the case, was a question of fact for the jury, and the presumption to be drawn therefrom was one of fact and not of law. The circumstance of ownership was one for the jury to consider along with all the other circumstances in the case. *State v. Hatfield*, 65 Wash. 550, 118 Pac. 735, Ann. Cas. 1913B, 895.

Appellant filed with a certain bank in Seattle a paper entitled "Partnership Authority" of the China Pheasant dated June 16, 1942, and signed by appellant, which directed the bank to cash for appellant *only* checks on the account of appellant and his partner, who were the sole owners of the China Pheasant. That paper provided, also, that the instructions were to continue as therein provided until appellant gave written notice to the bank of its revocation. An employee of the bank testified that the authority had never been revoked; that is, the appellant and one other were the sole owners of, and the only ones interested in, the business conducted under the name of China Pheasant, and checks on that partnership account were to be cashed only on the signature of appellant.

Appellant next complains of the following instruction to the jury:

"If you are convinced by the evidence in this case beyond a reasonable doubt that the act alleged as the crime with which the defendant is here charged was in fact committed, and you further find that immediately or soon thereafter such defendant fled from the place where such act is alleged to have been committed, then the flight, if any, of the de-

fendant is a circumstance to be considered by the jury, together with the other evidence in the case. It is not sufficient in itself to establish the guilt of the defendant, but its weight as evidence is a matter for the jury to determine in connection with all the other facts in the case."

Appellant also complains of the following instruction to the jury:

"Voluntary admissions, if any, made by a defendant charged with crime, when such admissions are not caused by duress or fear produced by threats, are to be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the accused, and their weight as evidence, like that of any other fact, is to be determined by you alone. If you find that any such admissions have been made in this case, you have a right in weighing such testimony, to consider all the facts and circumstances connected therewith, together with the defendant's interest, if any, in the transaction, and his knowledge, if he had any, of the circumstances surrounding the same, and all other circumstances which may throw any light upon or aid you in weighing such testimony."

There is no contention that the instructions incorrectly state the law. Appellant argues that there was no evidence to justify the submission to the jury of the foregoing instructions.

■ Evidence is admissible that, after the commission of crime, the accused fled and concealed himself as if to elude justice or endeavor to avoid arrest; or, after arrest, attempted to effect his escape. The weight of this evidence is for the jury. 2 Bishop's New Criminal Procedure (2d ed.), § 1250; *State v. Roberts,* 144 Wash. 381, 258 Pac. 32.

■ The instruction upon the question of flight was not erroneous. Flight was a material fact and circumstance to be weighed and considered by the jury in connection with all the other facts and circumstances in determining appellant's guilt or innocence. The term flight as used in the instruction meant that there had been a departure from the appellant's place of business immediately following the raid and his arrest, which was due in some degree to consciousness of guilt. Appellant avoided arrest after the raid for eight days. It was for the jury to determine from all the

evidence whether appellant's departure from his place of business at the time of his first arrest constituted flight as that term was defined in the instruction.

 While evidence of flight is insufficient in itself to establish guilt, it may be taken into consideration with all the other facts and circumstances of the case in determining whether the person charged with crime is in fact guilty. *State v. Stentz,* 33 Wash. 444, 74 Pac. 588. See, also, *State v. Deatherage,* 35 Wash. 326, 77 Pac. 504.

 The trial court correctly charged the jury respecting admissions of appellant. An admission may be contained in a writing including writings of the character of the paper filed by appellant with the bank. 31 C. J. S. 1032. Admissions do not consist alone in oral or written statements. They may be shown by conduct. Evidence of prior conduct inconsistent with the contention advanced in litigation is admissible as being in the nature of an admission. 20 Am. Jur. 475, § 562.

 The written document containing the signature of appellant as one of the two partners owning and operating the China Pheasant, which document authorized a certain bank to accept for deposit certain negotiable instruments signed by appellant as partner of the China Pheasant and to cash only for him checks on the partnership account, is an admission. When appellant's gambling establishment was raided in 1944, .appellant requested, and thereby admitted his interest in the China Pheasant, that a valuable roulette wheel seized by the officers be protected from injury. There was uncontradicted testimony to the effect that appellant purchased light fixtures for the China Pheasant and that he constructed the gambling room as an addition to that building.

 Appellant's contentions at the time of the trial that he was not the owner or manager of the China Pheasant gambling house are inconsistent with his prior conduct with relation to the charge on which he was tried. Evidence of that prior conduct—the document filed with the bank, his request that the raiding officer be careful in handling an

expensive piece of gambling paraphernalia, and other acts of appellant—was admissible as being in the nature of admissions. 31 C. J. S. 1050.

We find no prejudicial error, therefore the judgment is affirmed.

STEINERT, ROBINSON, SIMPSON, JEFFERS, MALLERY, and ABEL, JJ., concur.

SCHWELLENBACH, J. (dissenting)—I agree with the majority that the matters referred to by the prosecuting attorney in his opening statement should have been admitted in evidence. Any testimony which is relevant and which will assist the jury in determining either the guilt or the innocence of a defendant, should be admitted, even though such evidence may be as to the commission of a separate and distinct offense. But I cannot agree with the majority as to the giving of instructions Nos. 7½ and 17. The latter instruction correctly stated the law as follows:

"Voluntary admissions, if any, made by a defendant charged with crime . . . are to be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the accused."

The evidence relied upon by the prosecution to warrant this instruction consisted of the following:

The written partnership authority for the China Pheasant; the retaking of a roulette wheel by the defendant during a raid in August, 1944; the purchase of light fixtures for the China Pheasant; the erection of a gambling room as an addition to the building; that the defendant hired an advertising manager; that he hired a cashier; that, at the time of the raid, the officers saw a fountain pen set bearing the inscription "Harry Lew" on a desk in a private office. All of this testimony was admissible to prove ownership, but these matters had occurred long prior to the offenses alleged by the state. They were not voluntary admissions made by the defendant. In instructions of this character, the words "admissions" and "confessions" are used interchangeably, and such use can only be warranted where there is evidence that, at the time or subsequent to the

commission of the offense, the defendant made voluntary admissions which would connect him with the crime. The record in this case fails to show any such testimony.

In *State v. Rader*, 118 Wash. 198, 203 Pac. 68, we held that, where there were other errors occurring during the trial, it was prejudicial error to give a similar instruction when there was no evidence to support it.

As to instruction No. 7½, it was the duty of the state to convince the jury, beyond a reasonable doubt, of all of the elements of the offenses charged. One element was ownership at the times charged in the information. The defendant was entitled to a presumption of innocence throughout the trial. This instruction took that presumption from him. We should not speculate as to what influenced the jury in arriving at its verdict. I believe that the defendant should be granted a new trial.

December 23, 1946. Petition for rehearing denied.