[No. 31474.  Department One.  January 27, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE MOSER, *Appellant*.[1]

*Fred M. Bond,* for appellant.

*Charles B. Welsh* and *Robert A. Hannan,* for respondent.

*The Attorney General, amicus curiae.*

BEALS, J.—The prosecuting attorney of Pacific county, by information filed October 31, 1949, charged George Moser

[1] Reported in 226 P. (2d) 867.

with three offenses, all committed October 17, 1949. By count I, he was charged with unlawful use of a set net in the Willapa river; by count II, with fishing for salmon for commercial purposes in a restricted area of the Willapa river; and, by count III, with wilfully resisting arrest by a state fisheries inspector.

November 4, 1949, the cause was set for trial for December 1st following and, a few days later, the setting was changed to December 20th. November 18th, the cause was reset for trial for December 14th. It appears that a case which had been set for trial for December 5th was stricken from the docket, and, at a session of court December 2nd, the clerk made the following minute entry:

"Court convened at 10:00 a. m.
"C-858 State of Washington v. George Moser.
"Re: Discussion of Jury Term to commence on Dec. 5, Court stating case of Ping v. Eagles settled out of Court and off docket, and Prosecuting Attorney stating he would not be ready Monday for trial of other cases, court prorogued jury at this time and jurors instructed not to report on Monday."

At the time of filing the information, the prosecuting attorney filed a "MOTION FOR CHANGE OF JUDGE," stating, in his affidavit filed in support of the motion, that Judge John I. O'Phelan, who was presiding over the superior court for Pacific county, was prejudiced against the interests of the plaintiff.

After the discharge of the jury December 2nd as above indicated, no other jurors were called, and Judge O'Phelan retired from the bench December 23, 1949. Shortly thereafter, John J. Langenbach was appointed judge of the superior court for Pacific county and qualified, filing his oath of office December 28, 1949.

February 14, 1950, the defendant filed his motion for dismissal of the case, upon the ground that he had not been brought to trial within sixty days from the date of the filing of the information, stating, in his affidavit filed in support of the motion, that the trial court had, as above stated,

"cancelled the entire jury term and the defendant was not brought for trial."

February 24th, the prosecuting attorney, by a written motion, requested that the case be set for trial "during the jury term commencing March 6, 1950," filing in support of his motion his affidavit stating that no jury had been on duty since the filing of the information, and that the jury which it had been contemplated would be on duty during the month of December "was, by the Court's own order and without the consent of affiant or anyone else, dismissed and cancelled on December 2, 1949."

Defendant's motion to dismiss having been heard before Judge Langenbach, the court entered an order February 25, 1950, denying defendant's motion to dismiss the action.

March 17, 1950, the defendant filed a special plea, objecting to the jurisdiction of the court and alleging that, prior to the filing of the information, the defendant had been charged before a justice of the peace for South Bend precinct, Pacific county, with the offense of violation of the state fisheries code by unlawful use and operation of " 'a set net for the purpose of catching salmon' "; that defendant had been arrested pursuant to a warrant issued by the justice of the peace and had been released on bail; that the proceeding before the justice was still pending; that the justice had complete and exclusive jurisdiction of the matter, and that the superior court had not acquired jurisdiction thereof.

The cause came on regularly for trial before Judge Langenbach March 17, 1950. The trial court overruled defendant's special plea, whereupon defendant refused to plead further and the trial court entered for him a plea of not guilty on each count. Thereafter, defendant's counsel, appearing specially on his behalf, moved that count I of the information be stricken, and also objected to the trial proceeding. The court reserved its ruling on defendant's motion to strike count I, and the trial proceeded.

At the close of the evidence, the trial court withdrew count I of the information from consideration by the jury

and submitted the case to the jury as to counts II and III, the jury returning a verdict of guilty on each count.

Defendant then moved for a new trial, stating all of the statutory grounds. The trial court denied this motion and, May 26, 1950, entered a judgment declaring the defendant guilty as charged by counts II and III of the information, in accordance with the jury's verdict, imposing a sentence on the judgment, and declaring defendant's fishing gear confiscated.

From this judgment, the defendant has appealed.

Appellant states twenty-six assignments of error. It is not necessary to discuss all of these assignments, as some are well taken. However, we shall discuss several of the assignments that are without merit.

Appellant first assigns error upon the denial of his motion to dismiss the action because he was not tried within sixty days after his arrest.

As above stated, the record discloses that, December 2nd, Judge O'Phelan, on his own motion, dismissed the jury from further attendance. It also appears that no jury was called in Pacific county until after the expiration of the sixty-day period. Rem. Rev. Stat., § 2312 [P.P.C., § 120-15], reads as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

It appears that appellant had been admitted to bail, and, no jury having been called prior to the time he was tried, appellant's first assignment of error is without merit. *State v. Vukich,* 158 Wash. 362, 290 Pac. 992; *State v. Winchell,* 14 Wn. (2d) 420, 128 P. (2d) 643; *State v. Jenkins,* 19 Wn. (2d) 181, 142 P. (2d) 263.

Appellant argues that, because he had been brought before a justice of the peace upon a charge identical with that stated in count I of the information, and because that case was still pending, the superior court had no jurisdiction

either of count I of the information or of the other counts therein stated.

Appellant also complains of the refusal of the trial court to strike count I of the information before the opening of the trial. The trial court did withdraw count I from consideration by the jury, after the introduction of evidence under that count by the prosecution.

While the trial court should have dismissed this count prior to the introduction of evidence, it is not necessary to consider this assignment of error, as the case must be remanded for a new trial and, undoubtedly, before a new trial is had, the proceeding before the justice of the peace will have been tried or dismissed. For this reason, appellant's other assignments of error based upon the fact that the matter was pending before a justice of the peace, need not be discussed.

Appellant assigns error upon the following instruction given to the jury by the trial court:

"The court instructs the jury that flight raises a presumption of guilt, and if you believe from the evidence that the defendant fled at any time and place stated in the information and tried to avoid arrest, you may take that fact into consideration in determining his guilt or innocence. It is a presumption that the defendant may explain, and if explained to the reasonable satisfaction of the jury, it should not be considered as a fact against him."

The rule is that flight by one who has been or may be charged with a criminal act, is a circumstance to be considered, together with all other circumstances shown by the testimony, in determining the guilt or innocence of the person charged. *State v. Lew,* 26 Wn. (2d) 394, 174 P. (2d) 291; *State v. Wilson,* 26 Wn. (2d) 468, 174 P. (2d) 553. However, in the case at bar, the instruction, of which appellant complains, too strongly stressed the fact of flight, by stating that it raised a presumption of guilt. The fact that, in the same instruction, the court told the jury that such a presumption might be explained, is not sufficient to correct the error in the first portion of the instruction. Appellant's exception to the refusal of the trial court to give an instruc-

tion which he proposed on the matter of flight, is sufficient to bring before this court the question of the correctness of the instruction which the court gave to the jury.

In *State v. Moberg,* 316 Mo. 647, 291 S. W. 118, the court held an instruction given in the following language to be reversible error:

" 'The court instructs the jury that where there is evidence introduced as to an escape by a defendant, who had been arrested charged with an offense, to avoid his trial on such charge, such escape, in the absence of qualifying circumstances, raises a presumption of guilt; and if you find from the evidence in this case, and beyond a reasonable doubt, that the defendant Moberg did escape from the officer, after he had been arrested on the present charge, to avoid trial, then this is a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the question of the guilt or innocence of the defendant Moberg.' "

In the course of the opinion, the court said:

"This instruction was erroneous in that it declared as a matter of law that an escape by a defendant raises a presumption of guilt. [Citing cases.] And the error was not cured by the latter part of the instruction which told the jury that the escape was 'a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the question of guilt or innocence of the defendant.' "

The fact that, in the case last cited, the instruction referred to an "escape," while in the case at bar the instruction referred to "flight," is immaterial.

By assignment of error No. 23, appellant contends that the trial court erred in not sustaining his challenge to the juror A. W. Pundar, who was the fourth juror called. On his *voir dire,* the juror testified, in response to questions by appellant's counsel, that he was a member of the "Poggie Club"; that, at meetings of the club, fishing grounds had been discussed, and that he had agreed with "the discussions." The following then occurred:

"Q. [By appellant's counsel.] You think under the circumstances you could be a fair juror in this case? A. I don't

know; I know all the records. Q. You know what the Poggie Club said? A. Yes. Q. Under the circumstances wouldn't you be prejudiced in this matter? A. I think I would. MR. BOND: I challenge the juror and move that he be excused."

The court then asked the juror whether he had an opinion concerning the guilt or innocence of appellant, to which the juror replied in the negative. He also stated that he had no mental prejudice against appellant. The juror's examination by appellant's counsel then continued:

"Q. In the discussion you heard before the Poggie Club would have some effect on you regarding fishing grounds, isn't that right? A. Yes sir, it would. Q. For that reason you think that you would not be a fair juror, is that right? A. Yes. MR. BOND: We renew the challenge. MR. WELSH: Q. What you mean— MR. BOND: I object to 'what he means' let him state. MR. WELSH: You believe in law enforcement regardless of this man's guilt or innocence? MR. BOND: He said that he could not give him a fair trial. The challenge is renewed. THE COURT: Challenge is denied. MR. BOND: We take an exception. Exception allowed."

Other jurors were then called, appellant exercising his three peremptory challenges.

Appellant was entitled to be tried before a jury of twelve open-minded and unprejudiced jurors. *Heasley v. Nichols,* 38 Wash. 485, 80 Pac. 769; *Alexson v. Pierce County,* 186 Wash. 188, 57 P. (2d) 318.

The trial court erred in not sustaining appellant's challenge for cause directed to the juror Pundar. Having later exhausted his peremptory challenges, appellant had no opportunity to excuse Mr. Pundar by such a challenge.

Appellant presents several assignments of error based upon rulings by the trial court denying his motion, made after the close of the evidence, to strike counts II and III, and to dismiss the action and discharge appellant. These assignments of error are without merit.

Appellant also assigns error upon rulings by the trial court refusing to sustain appellant's objections to questions propounded by the prosecuting attorney to witnesses for the state, and makes a further assignment presenting the question that "the judgment is excessive in any event." In view

of the fact that the action must be retried, we shall not discuss these assignments of error.

Finally, appellant assigns error upon the denial by the trial court of his motion for a new trial. This assignment is well taken.

For the reasons above stated, the judgment appealed from is reversed, and the cause remanded to the trial court, with instructions to grant appellant's motion for a new trial.

SCHWELLENBACH, C. J., MALLERY, HILL, and DONWORTH, JJ., concur.